| | | |
|---|---|---|
| IN RE: | : | |
| EBONY ROBINSON, | : | |
| AKA, EBONY CORRENDA ROBINSON, | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | CASE NO. 1:26-BK-00940-HWV |
| Movant | : | |
| | : | |
| EBONY ROBINSON, | : | |
| AKA, EBONY CORRENDA ROBINSON, | : | |
| Respondent | | |

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 21st day of May 2026 comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor(s) has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

    a. The Debtor's proposed plan payment is $520/month and her monthly disposable income is $1,108.60.

2. Failure to properly state the liquidation value in Section 1B of the Plan.

3. Debtor(s) Plan violates 11 U.S.C. § 1325(a)(3) in that it has not been proposed in good faith. The Debtor's statement of social security number contained only the last 4 digits. It should be amended and properly served on all creditors.

4. Debtor(s)' Plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtor has access to non-exempt equity in the following:

    a. Residential real estate. Trustee requests proof of the value of the Debtor(s) home as stated in his/her schedules.

5. Schedule B lacks description. Debtor testified that she has a third claim against an auditor that is not disclosed.

6.    Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:

    a.    Debtor(s) has not provided to Trustee copies of the 2025 federal income tax returns as required by § 521(e)(2)(A).

7.    Trustee provides notice to the Court as to the ineffectiveness of Debtor(s)' Chapter 13 Plan for the following reasons:

    a.    The Plan contains inappropriate nonstandard provision(s) contrary to § 1322(b)(11). See *In re Parkman,* 589 B.R. 567, 574 (Bankr. S.D. Miss. 2018)' *In re Mank,* No. 19-04199, 2020 WL 1228671 at *2 (Bankr. E.D.N.C. Mar. 3, 2020).

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

    a.    Deny confirmation of Debtor(s)' Plan.
    b.    Dismiss or convert Debtor(s)' case.
    c.    Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

2

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 21st day of May 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

EBONY ROBINSON
PO BOX 1254
YORK, PA 17405

/s/Ashley Schott
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee