FILED '26 JUN 17 PM12:59
CLERK, US COURT, PAMB

Rev 01/01/26

## LOCAL BANKRUPTCY FORM 3015-1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**IN RE:**
**EBONY ROBINSON**

**CHAPTER:** CHAPTER 13.

**CASE NO.** 1:26-bk-00940-HWV

Debtor(s)

☐ ORIGINAL PLAN

1ST AMENDED PLAN (indicate #)

1 Number of Motions to Avoid Liens

Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☐ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1.  **PLAN FUNDING AND LENGTH OF PLAN. This plan will be funded with all proceed and profits belonging to the "Property of the Estate" and all Debtors disposable income.**

    A.  **Plan Payments From Future Income**

        1.  To date, the Debtor paid $ 884.00. Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ $15,912.72 plus $23,108 in property of the estate in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 05/23/2026 | 05/23/2029 | $442.02 | $0.00 | $442.02 | $15,912.72 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  | Total Payments: | $39,020.72 |

        2.  If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

        3.  Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

        4.  *Check One:*

            ☐ Debtor is at or under median income.
            *If this is checked, the rest of § 1.A.4 need not be completed or reproduced.*

            ☐ Debtor is over median income. Debtor estimates that a minimum of $ Enter text here must be paid to allowed unsecured creditors in order to comply with the Means Test.

    B.  **Additional Plan Funding From Liquidation of Assets/Other**

2

1. The Debtor estimates that the liquidation value of this estate is $ FMV

| ITEMS | FMV Assets | SECURED | EXEMPTION |
|---|---|---|---|
| Real Estate | $97,550.00 | $111,116 | $25,000 |
| Household | $34,727 | | $34,650 |
| Proceeds | | | |
| Suit | $ 23,108.97 | | |
| Total | $155,385.97 | $111,116 | $59,650 |

$155,385.97 - $111,116 - $59,650 = $ -15,380.03 this does not include any administrative cost of sale, commission, etc.......

However, if PennyMac turns over all proceeds belonging to the property of the estate, there will be a surplus of funds for all creditors to share. Please see Adversary Proceeding complaint. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines:*

☐ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

☒ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ 0.00 from the sale of property known and designated as N/A. All sales shall be completed by Date. If the property does not sell by the date specified, then the disposition of the property shall be as follows: N/A

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: All proceeds, profits, negotiable instrument paid to the bearer, readily identifiable money held by and entity shall be turned over to the Trustee for proper administration of this case, this includes but is not limited to all accounts receivable held in entity trust, escrow accounts, miscellaneous proceeds collected, received, and held but not applied, any right to sue for breach of performance, all awards for damages, contractor suits, and any money arising from a legal claim on behalf of the debtor shall be used to pay any creditor who has a allowable valid claim, each allowable valid claim shall be paid in full dollar for dollar with these other payment sources, none of the debtors personal property will be liquidated, Until after all proceeds, profits, money, and instruments have been collected from all entities holding "Property of the Estate" if there is any additional payments to be made that are not covered under these payments, or payments provided for in this plan the debtor will be granted permission to sell the real estate property to adjust the balance and ensure all valid claims are pay, all amounts collected from the sale in

3

excess of any amounts owed will remain with the Debtor of the Estate.

## 2. SECURED CLAIMS.

### A. Pre-Confirmation Distributions. *Check One:*

⊓ None.
*If this is checked, the rest of § 2.A need not be completed or reproduced.*

☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| NONE | | |
| | | |
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

### B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check One:*

☐ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless

4

otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PennyMac Loan Service LLC. | Security Instrument, attached to 835 West Poplar Street York, Pa | 5898 |
| | | |
| | | |

## C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence). *Check One:*

☒ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

☐ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PENNYMAC LOAN SERVICES LLC | 835 West Poplar Street York, PA | UNKNOWN | 0.00 | 0.00 |
| | | | | |
| | | | | |

## D. Other secured claims (conduit payments and claims for which a § 506

5

**valuation is not applicable, etc.)** *Check One:*

☒ None.
*If this is checked, the rest of § 2.D need not be completed or reproduced.*

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1.  The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2.  In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3.  Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**E. Secured claims for which a § 506 valuation is applicable.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.E need not be completed or reproduced.*

6

☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| PENNYMAC LOAN SERVICES LLC | 835 WEST POPLAR STREET YORK, PENNYSLYVANIA | $86,116.97 | | (§506 d) | Adversary Proceeding Filed |
| SECRETARY OF HUD | 835 WEST POPLAR STREET YORK PENNSYLVANIA | $5,587.94 | | (§506 d) | |
| | | | | | |

**F. Surrender of Collateral.** *Check One:*

☒ None.
*If this is checked, the rest of § 2.F need not be completed or reproduced.*

☐ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|

7

| NONE | |
|---|---|
| | |
| | |

**G. <u>Lien Avoidance</u>.** *Do not use for mortgages or for statutory liens, such as tax liens. Check One:*

☒ None.
    *If this is checked, the rest of § 2.G need not be completed or reproduced.*

☐ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | NONE | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | NONE | | |
| Description of the liened property | NONE | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

## 3. PRIORITY CLAIMS.

### A. <u>Administrative Claims</u>

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

Case 1:26-bk-00940-HWV    Doc 35    Filed 06/17/26    Entered 06/17/26 13:40:27    Desc
Main Document    Page 8 of 13

2. <u>Attorney's fees</u>. Complete only one of the following options:

    a. In addition to the retainer of $ 0.00 already paid by the Debtor, the amount of $ 0.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

    b. The balance of fees owed to the attorney for the debtor(s) is estimated to be $ 0.00. This estimate is used in determining compliance with § 1322(a)(2) and feasibility under § 1325(a)(6). Additional fees may be approved under § 330. If allowance of such fees would alter the treatment or distribution to secured or priority creditors under this plan, the debtor must seek modification under § 1329. Approved fees may reduce the distribution to general unsecured creditors, consistent with the priority scheme established in this plan.

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

    ☒ None.
    *If this is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    ☐ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| NONE | NONE |
|  |  |

## B. <u>Priority Claims (including certain Domestic Support Obligations).</u>

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| NONE | NONE |

9

| | |
|---|---|
| | |
| | |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one:*

☒ None.
*If this is checked, the rest of § 3.C need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| NONE | NONE |

## 4. UNSECURED CLAIMS.

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

☒ None.
*If this is checked, the rest of § 4.A need not be completed or reproduced.*

☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

Case 1:26-bk-00940-HWV   Doc 35   Filed 06/17/26   Entered 06/17/26 13:40:27   Desc
Main Document      Page 10 of 13

**B.** <u>**Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**</u>

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

☐ None.
*If this is checked, the rest of § 5 need not be completed or reproduced.*

☒ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| CAPITAL ONE N.A | Unknown | 0.00 | 0.00 | 0.00 | 0.00 | REJECTED |
| LENDMARK FINANICIAL | | 0.00 | 0.00 | 0.00 | 0.00 | REJECTED |
| | | | | | | |

6. **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☒ plan confirmation.

☐ entry of discharge.

☐ closing of case.

7. **DISCHARGE:** *(Check one)*

☒ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION: § 726**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

11

Payments from the plan will be made by the Trustee in the following order:

Level 1: All timely filed secured allowable claims pro rata

Level 2: All timely filed unsecured allowable claims pro rata

Level 3: All payments of any allowed claim, for fine and penalty

Level 4: 11 U.S.C 541 Property of the Estate (6), (7)

Level 5: no unsecured claims shall be paid for any creditor that did not file a valid proof of claim.

Level 6: No payments shall be made to any creditor who makes a false claim

Level 7: Excess paid to the debtor (if any)

Level 8:

## 9. NONSTANDARD PLAN PROVISIONS.

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

All Miscellaneous proceeds under section 29 pg. 20 both *before* and *after* Effect of Survival Events (g) borrower shall permit the collection and application of miscellaneous proceeds as required Section 10 of the security instrument;

Section 10. Assignment of Miscellaneous Proceeds; Forfeiture. In the event of taking, loss in value of the Property Miscellaneous proceeds shall be applied, with the excess paid to the borrower (if any).

In the event of taking, loss in value of the Property which the fair market value of the Property immediately before the partial taking, loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, loss in value, unless the borrower and lender otherwise agree in writing, the sums secured by this security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, or loss in value divided by (b) the fair market value of the Property Immediately before the partial taking destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, loss in value is less than the amount of the sums secured immediately before the partial taking, or loss in value, unless borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

12

If the Property is damaged, such Miscellaneous proceeds shall be applied to restoration or repairs of the Property. If the restoration or repair is not economically feasible or lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this security instrument whether or not then due, with the excess, if any, paid to borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

Section 2. Application of Payments or Proceeds. Lender shall apply in the following order of priority. Pg 6

      1. The Mortgage Insurance Premiums

      2. To the taxes, special assessments, leasehold, payments or ground rents, and fire, flood, and other hazard insurance premiums, as required.

      3. to the interest due under the note

      4. to amortization of the principal of the Note; and

      5. to late charges due under the Note

PennyMac Loan Services must complete these tasks according to the terms of the Mortgage ALL MISCELLANOUS PROCEEDS, the Note is current paid to the bearer MUST BE TUNRED OVER to the Trustee Under 11 U.S.C 543 and 11 U.S.C 542, because these proceeds are "Property of the Estate" under 11 U.S.C 541, and can be used to provide payments to any creditor providing a valid proof of claim aside from any claim avoided, rejected, or stripped from the real property.

An adversary proceeding has been initiated and filed.

11 U.S.C 1322(b)(8) – Plan provided for the payment of all or part of a claim against the debtor from "Property of the Estate" or property of the debtor.

11 U.S.C 1332 (e) – this plan provides under 506(b)/ 1325(a)(5) options to cure a default the amount necessary to cure the default methods that shall be determined in accordance with the underlying agreement and applicable non-bankruptcy laws.

Dated: June 15, 2026

N/A
Attorney for Debtor

Ebony Robinson, beneficiary

6/17/26

N/A
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

13