UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| EBONY ROBINSON, | : | CHAPTER 13 |
| a/k/a EBONY CORRENDA ROBINSON, | : | |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | CASE NO. 1-26-bk-00940-HWV |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | |
| | : | |
| EBONY ROBINSON, | : | |
| a/k/a EBONY CORRENDA ROBINSON, | : | |
| Respondent | : | |

TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN

AND NOW, this 6th day of July 2026, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor's Plan for the following reasons:

1. Debtor's Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor has not submitted all or such portion of the disposable income to Trustee as required. More specifically:

    a. Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following:

      i. Excess disposable income.

2. Debtor's Plan violates 11 U.S.C. § 1332(b)(1) in that the Plan classifies unsecured claims but unfairly discriminates certain claims in the designation. More specifically, the Plan provides for:

    a. Transfer(s)/payment(s) to third parties, specifically as to the fraudulent transfer of 835 W. Poplar Street to a trust within two years of filing this bankruptcy case.

3. Failure to properly state the liquidation value in Section 1B of the Plan.

4. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Means Test. Specifically, no amount is stated.

5. Trustee avers that Debtor's Plan is not feasible based upon the following:

   a. The Plan is underfunded relative to claims to be paid.
   b. The Plan is ambiguous as to the base amount.

6. Debtor has not demonstrated that all tax returns have been filed as required by § 1325(a)(9) as to 2025 Federal Taxes.

7. Trustee avers that Debtor's Plan cannot be administered due to the lack of the following:

   a. Debtor has not provided to Trustee a copy of the 2025 federal income tax return as required by § 521(e)(2)(A), nor provide evidence of an extension to file.

8. Trustee provides notice to the Court as to the ineffectiveness of Debtor's Chapter 13 Plan for the following reasons:

   a. The Plan contains inappropriate nonstandard provision(s) contrary to § 1322(b)(11). See *In re Parkman,* 589 B.R. 567, 574 (Bankr. S.D. Miss. 2018)' *In re Mank,* No. 19-04199, 2020 WL 1228671 at *2 (Bankr. E.D.N.C. Mar. 3, 2020).
   b. Plan sections 1.A.4 and 2.A are incomplete.
   c. Plan section 1.B.1 is not completed properly, Plan section 1.B.3 is unclear, Plan section 2.B.3 improperly lists debts secured by real estate to be crammed down, Plan section 5 improperly lists unsecured debts as executory contracts or leases, and Plan section 8 lists an incomplete, illogical, and unconfirmable order of distribution.

WHEREFORE, Trustee alleges and avers that Debtor's Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of Debtor's Plan;
   b. Dismiss or convert Debtor's case; and
   c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R Roeder
Attorney for Trustee

2

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 6th day of July 2026, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Ebony Robinson
P.O. Box 1254
York, Pa 17405

/s/Tanya M. Scannelli
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee

3