FILED (EDSS)
**July 17, 2026**
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Wilkes-Barre

UNITED STATES BANKRUPTY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLAVANIA

| | | |
|---|---|---|
| In re:<br>Ebony Robinson | : | Case no. 1:26-bk-00940-HWV |
| | : | Chapter 13 |
| Respondent | : | |

ORDER

A Motion to Reconsider, docket entry #35. See L.B.R 9013-3 Failure to file a proper certificate of service on or before July 11, 2026 has not resulted in the denial of the First Amended Chapter 13 Plan, IT IS ORDERED on July 17, 2026, the Plan has been submitted for review and is open to objections.

Case 1:26-bk-00940-HWV Doc 49 Filed 07/17/26 Entered 07/17/26 16:14:25 Desc
Main Document Page 1 of 46

UNITED STATES BANKRUPTY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLAVANIA

| | | |
|---|---|---|
| In re:<br>Ebony Robinson<br><br>Respondent | : | Case no. 1:26-bk-00940-HWV<br><br>Chapter 13<br><br>MOTION TO RECONSIDER |

**MOTION TO RECONSIDER**

Upon Consideration of this MOTION TO RECONSIDER, the Respondent asks this court to reconsider the order severed July 06, 2026, for failure to file a proper certificate of service on or before July 11, 2026, for the following reasons:

1. All alleged creditors were served on July 6, 2026, either certified mail, or hand delivery. Attached to this Motion as Ex. A

2. The Chapter 13 Trustee Objects to the 1st amended Plan, on July 06, 2026. The Respondent has attached a 2nd Amended Plan with the proper certificate of service, order, and response. attached as Ex. B

3. The Respondent has provided all supporting documentation requested by the Trustee including:

   a. A copy of 2025 Tax Filings. Ex C
   b. A copy of proof of payment. Ex D

WHEREFORE we ask this Court to reconsider its ORDER issued July 06, 2026;

   a. Confirm the 2nd amended Plan attached to this Motion to Reconsider
   b. Provide such other relief as is equitable and just.

July 16, 2026,

By: Ebony Robinson, Pro se Respondent
All Rights Reserved

## VERIFICATION

I, declare under the penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

07/16/2026

Without Recourse
By: Ebony Robinson, Pro Se Beneficiary
All Rights Reserved

## CERTIFICATE OF SERVICE

AND NOW, this 16th day of July 2026, I hereby certify that I have served the within MOTION TO RECONSIDER by Hand delivery, electronically notification or by depositing a true and correct copy of the same in the United States Mail, postage prepaid, first class mail, to all parties addressed as follows:

**VIA ELECTRONIC MAIL SERVICES ONLY**

Sylvia H. Rambo, US Courthouse
1501 N. 6th Street
Harrisburg, PA 17102

**VIA ELECTRONCI MAIL SERVICES, FRIST-CLASS U.S POSTAL MAIL**

JACK ZARAROPOULOS
8125 Adams Drive, Suite A
Hummelstown, PA 17036

Exhibit A

Proof of Mailing

CLERK OF COURTS-YORK
JUL 7 '26 AM11:18

FILED '26 JUN 17 PM12:59
CLERK, US COURT, PAMB

**LOCAL BANKRUPTCY FORM 3015-1**

cwb

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**IN RE:**
**EBONY ROBINSON**

**Debtor(s)**

**CHAPTER:** CHAPTER 13.

**CASE NO.** 1:26-bk-00940-HWV

☐ ORIGINAL PLAN
1ST AMENDED PLAN (indicate #)
1 Number of Motions to Avoid Liens
Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☐ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
Salt Lake City, UT 84131
OFFICIAL USE
Certified Mail Fee $5.30
$ $0.00
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $
0405
99
Postmark Here
Postage $1.90
Total Postage and Fees $7.20
07/06/2026
Sent To Capital One Na AIS info Source
Street and Apt. No., or PO Box No. 4515 N. Santa Fe Ave
City, State, ZIP+4® Oklahoma City, OK 73118
PS Form 3800, January 2023 See Reverse for Instructions
9589 0710 5270 0990 6181 72

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
York, PA 17403
OFFICIAL USE
Certified Mail Fee $5.30
$ $4.40
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $
0405
99
Postmark Here
Postage $2.44
Total Postage and Fees $12.14
07/06/2026
Sent To Sharon E. Reimold Yorktown Settlement
Street and Apt. No., or PO Box No. 1500 E. Market St.
City, State, ZIP+4® York Pa 17403
PS Form 3800, January 2023 See Reverse for Instructions
9589 0710 5270 4090 6007 41

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
La Porte, IN 46350
OFFICIAL USE
Certified Mail Fee $5.30
$ $0.00
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $
0405
99
Postmark Here
Postage $1.90
Total Postage and Fees $7.20
07/06/2026
Sent To One Advantage Llc
Street and Apt. No., or PO Box No. 127 East Shore Pkwy A
City, State, ZIP+4® Laporte IN, 46350
PS Form 3800, January 2023 See Reverse for Instructions
9589 0710 5270 2623 6691 28

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
Washington, DC 20410
OFFICIAL USE
Certified Mail Fee $5.30
$ $4.40
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $
0405
99
Postmark Here
Postage $2.44
Total Postage and Fees $12.14
07/06/2026
Sent To Scott Turner HUD
Street and Apt. No., or PO Box No. 451 7 St. SW. Robert C Weaver Fed Building
City, State, ZIP+4® Washington DC. 20410
PS Form 3800, January 2023 See Reverse for Instructions
9589 0710 5270 4090 6007 65

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
Saint Charles, MO 63301
OFFICIAL USE
Certified Mail Fee $5.30
$ $0.00
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $
0405
99
Postmark Here
Postage $1.90
Total Postage and Fees $7.20
07/06/2026
0710 5270 2623 6649 63

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
Saint Paul, MN 55107
OFFICIAL USE
Certified Mail Fee $5.30
$ $4.40
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00
0405
99
Postmark Here
Postage $2.44
Total Postage and Fees $12.14
07/06/2026
0710 5270 4090 6007 34

## U.S. Postal Service™ CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Philadelphia, PA 19106

OFFICIAL USE

| | | |
|---|---|---|
| Certified Mail Fee | $5.30 | 0405 |
| $ | $4.40 | 99 |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $2.44 | |
| $ | | 07/06/2026 |
| Total Postage and Fees | $12.14 | |
| $ | | |

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 4090 6007 58

## U.S. Postal Service™ CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Flint, MI 48501

OFFICIAL USE

| | | |
|---|---|---|
| Certified Mail Fee | $5.30 | 0405 |
| $ | $4.40 | 99 |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark Here |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $2.44 | |
| $ | | 07/06/2026 |
| Total Postage and Fees | $12.14 | |
| $ | | |

Sent To: M. E. R. S

Street and Apt. No., or PO Box No.: P.O. Box 2026

City, State, ZIP+4®: Flint, MI 48501

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 4090 6009 49

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Synchrony Financial Services
777 Long Ridge Rd
Stamford Ct. 06902

9590 9402 8771 3310 1477 98

2. Article Number (Transfer from service label)
9589 0710 5270 2137 6496 78

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...icted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

---

**...MPLETE THIS SECTION**

...ms 1, 2, and 3.
...name and address on the reverse ...can return the card to you.
...ard to the back of the mailpiece, ...nt if space permits.

...ssed to:
...on Settlement
...E. Reimold
...E. Market St.
...Pa. 17403

9402 9931 5335 3815 43

...mber (Transfer from service label)
...710 5270 4090 6007 41

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature X Amy S Wise ☐ Agent ☐ Addressee

B. Received by (Printed Name) Amy Wise | C. Date of Delivery 7/9/26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...red Mail
...red Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

...811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

9589 0710 5270 2623
Certified Mail Fee $5.30
Extra Services & Fees (check box, add fee as appropriate)
Return Receipt (hardcopy) $0.00
Return Receipt (electronic) $0.00
Certified Mail Restricted Delivery $0.00
Adult Signature Required $0.00
Adult Signature Restricted Delivery $0.00
Postage $1.90
Total Postage and Fees $7.20
0405 99
Postmark Here
07/06/2026
Sent To: Citibank
Street and Apt. No., or PO Box No.: P.O Box 790040
City, State, ZIP+4: St. Louis MO 63179
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 2623 1
York, PA 17405
Certified Mail Fee $5.30
Extra Services & Fees (check box, add fee as appropriate)
Return Receipt (hardcopy) $0.00
Return Receipt (electronic) $0.00
Certified Mail Restricted Delivery $0.00
Adult Signature Required $0.00
Adult Signature Restricted Delivery $0.00
Postage $1.90
Total Postage and Fees $7.20
0405 99
Postmark Here
07/06/2026
Sent To: Wellspan Health
Street and Apt. No., or PO Box No.: Po Box 15119
City, State, ZIP+4: York pa 17405
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 4090 6007 27
U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
South Portland, ME 04106
OFFICIAL USE
Certified Mail Fee $5.30
Extra Services & Fees (check box, add fee as appropriate)
Return Receipt (hardcopy) $0.00
Return Receipt (electronic) $0.00
Certified Mail Restricted Delivery $0.00
Adult Signature Required $0.00
Adult Signature Restricted Delivery $0.00
Postage $2.44
Total Postage and Fees $7.74
0405 99
Postmark Here
07/06/2026
Sent To: Residential Mortgage Services
Street and Apt. No., or PO Box No.: 24 Christopher Toppi DRive
City, State, ZIP+4: South Portland ME 04104
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 2623 6691 11
U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
Manitowoc, WI 54221
Certified Mail Fee $5.30
Extra Services & Fees (check box, add fee as appropriate)
Return Receipt (hardcopy) $0.00
Return Receipt (electronic) $0.00
Certified Mail Restricted Delivery $0.00
Adult Signature Required $0.00
Adult Signature Restricted Delivery $0.00
Postage $1.90
Total Postage and Fees $7.20
0405 99
Postmark Here
07/06/2026
Sent To: AmeriCollect
Street and Apt. No., or PO Box No.: 1851 S. Alverno Rd
City, State, ZIP+4: Manitowac, WI 54221
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 2623 6783 28
U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
Washington, DC 20410
OFFICIAL USE
Certified Mail Fee $5.30
Extra Services & Fees (check box, add fee as appropriate)
Return Receipt (hardcopy) $0.00
Return Receipt (electronic) $0.00
Certified Mail Restricted Delivery $0.00
Adult Signature Required $0.00
Adult Signature Restricted Delivery $0.00
Postage $2.17
Total Postage and Fees $7.47
0405 99
Postmark Here
07/08/2026
Sent To: Ginnie Mae
Street and Apt. No., or PO Box No.: 451 7th St, Room - B-133
City, State, ZIP+4: Washington DC. 20410
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 2623 6691 59
U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.
Norfolk, VA 23513
OFFICIAL USE
Certified Mail Fee $5.30
Extra Services & Fees (check box, add fee as appropriate)
Return Receipt (hardcopy) $0.00
Return Receipt (electronic) $0.00
Certified Mail Restricted Delivery $0.00
Adult Signature Required $0.00
Adult Signature Restricted Delivery $0.00
Postage $1.90
Total Postage and Fees $7.20
0405 99
Postmark Here
07/06/2026
Sent To: Portfolio Recovery Associate
Street and Apt. No., or PO Box No.: 120 Corporate Dr.
City, State, ZIP+4: Norfolk Va 23513
PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 2623 6...

Omaha, NE 68164

Certified Mail Fee $5.30

Extra Services & Fees (check box, add fee as appropriate) $0.00

- ☐ Return Receipt (hardcopy) $0.00
- ☐ Return Receipt (electronic) $0.00
- ☐ Certified Mail Restricted Delivery $0.00
- ☐ Adult Signature Required $0.00
- ☐ Adult Signature Restricted Delivery $0.00

Postage $1.90

Total Postage and Fees $7.20

0405 99

Postmark Here

07/08/2026

Sent To: MERS

Street and Apt. No., or PO Box No.: 11819 Miami St. Ste. 100

City, State, ZIP+4®: Omaha NE 68164

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 4090 6014 89

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Oklahoma City, OK 73118

OFFICIAL USE

Certified Mail Fee $5.30

Extra Services & Fees (check box, add fee as appropriate) $0.00

- ☐ Return Receipt (hardcopy) $0.00
- ☐ Return Receipt (electronic) $0.00
- ☐ Certified Mail Restricted Delivery $0.00
- ☐ Adult Signature Required $0.00
- ☐ Adult Signature Restricted Delivery $0.00

Postage $2.17

Total Postage and Fees $7.47

0405 99

Postmark Here

07/08/2026

Sent To: Capital One AIS as agent

Street and Apt. No., or PO Box No.: 4515 N. Santa Fe Ave

City, State, ZIP+4®: Oklahoma City, OK 73118

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 4090 6014 96

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Westlake Village, CA 91361

OFFICIAL USE

Certified Mail Fee $5.30

Extra Services & Fees (check box, add fee as appropriate) $0.00

- ☐ Return Receipt (hardcopy) $0.00
- ☐ Return Receipt (electronic) $0.00
- ☐ Certified Mail Restricted Delivery $0.00
- ☐ Adult Signature Required $0.00
- ☐ Adult Signature Restricted Delivery $0.00

Postage $1.90

Total Postage and Fees $7.20

0405 99

Postmark Here

07/08/2026

Sent To: Pennymac Loan Services LLC

Street and Apt. No., or PO Box No.: 3043 Townsgate Rd St. 200

City, State, ZIP+4®: Westlake Village CA 91361

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

Exhibit B

1st amended Plan and 2nd amended Plan

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**IN RE:**
**EBONY ROBINSON**

**Debtor(s)**

**CHAPTER:** CHAPTER 13.

**CASE NO.** 1:26-bk-00940-HWV

☐ ORIGINAL PLAN
2nd AMENDED PLAN (indicate #)
1 Number of Motions to Avoid Liens
Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☒ Included | ☐ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN. This plan will be funded with all proceed and profits belonging to the "Property of the Estate" and all Debtors disposable income.**

   A. **Plan Payments From Future Income**
      1. To date, the Debtor paid $ 884.00. Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ $15,912.72 plus $23,108 in property of the estate in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 05/23/2026 | 05/23/2029 | $442.02 | $0.00 | $442.02 | $15,912.72 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $15,912.72 |

      2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

      3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

      4. *Check One:*
         ☒ Debtor is at or under median income.
         *If this is checked, the rest of § 1.A.4 need not be completed or reproduced.*

         ☐ Debtor is over median income. Debtor estimates that a minimum of $ 0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

   B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $

*Check one of the following two lines:*

☒ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

☒ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ 0.00 from the sale of property known and designated as N/A. All sales shall be completed by Date. If the property does not sell by the date specified, then the disposition of the property shall be as follows: N/A

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: All proceeds, profits, negotiable instrument paid to the bearer, readily identifiable money held by and entity shall be turned over to the Trustee for proper administration of this case, this includes but is not limited to all accounts receivable held in entity trust, escrow accounts, miscellaneous proceeds collected, received, and held but not applied, any right to sue for breach of performance, all awards for damages, contractor suits, and any money arising from a legal claim on behalf of the debtor shall be used to pay any creditor who has a allowable valid claim, each allowable valid claim shall be paid in full dollar for dollar with these other payment sources, none of the debtors personal property will be liquidated, Until after all proceeds, profits, money, and instruments have been collected from all entities holding "Property of the Estate" if there is any additional payments to be made that are not covered under these payments, or payments provided for in this plan the debtor will be granted permission to sell the real estate property to adjust the balance and ensure all valid claims are pay, all amounts collected from the sale in excess of any amounts owed will remain with the Debtor of the Estate.

## 2. SECURED CLAIMS.

### *A.* **<u>Pre-Confirmation Distributions</u>.** *Check One:*

☒ None.
*If this is checked, the rest of § 2.A need not be completed or reproduced.*

☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| NONE | | |
| | | |
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PennyMac Loan Service LLC. | Security Instrument, attached to 835 West Poplar Street York, Pa | 5898 |
| | | |
| | | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

☐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PENNYMAC LOAN SERVICES LLC | 835 West Poplar Street | UNKNOWN | UNKNOWN | UNKNOWN |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

☒ None.
*If this is checked, the rest of § 2.D need not be completed or reproduced.*

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens

retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**E. <u>Secured claims for which a § 506 valuation is applicable</u>.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.E need not be completed or reproduced.*

☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| PENNYMAC LOAN SERVICES LLC | 835 WEST POPLAR STREET YORK, PENNYSLYVANIA | $86,116.97 | | (§506 d) | Adversary Proceeding Filed |
| SECRETARY OF HUD | 835 WEST POPLAR STREET YORK PENNSYLVANIA | $5,587.94 | | (§506 d) | |
| | | | | | |

**F. <u>Surrender of Collateral</u>.** *Check One:*

☒ None.
*If this is checked, the rest of § 2.F need not be completed or reproduced.*

☐ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| NONE | |
| | |
| | |

**G. <u>Lien Avoidance</u>.** *Do not use for mortgages or for statutory liens, such as tax liens. Check One:*

☒ None.
*If this is checked, the rest of § 2.G need not be completed or reproduced.*

☐ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | NONE | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | NONE | | |
| Description of the liened property | NONE | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

a. In addition to the retainer of $ 0.00 already paid by the Debtor, the amount of $ 0.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. The balance of fees owed to the attorney for the debtor(s) is estimated to be $ 0.00. This estimate is used in determining compliance with § 1322(a)(2) and feasibility under § 1325(a)(6). Additional fees may be approved under § 330. If allowance of such fees would alter the treatment or distribution to secured or priority creditors under this plan, the debtor must seek modification under § 1329. Approved fees may reduce the distribution to general unsecured creditors, consistent with the priority scheme established in this plan.

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check*

*one:*

☒ None.
*If this is checked, the rest of § 3.A.3 need not be completed or reproduced.*

☐ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
| NONE | NONE |
| | |

**B. Priority Claims (including certain Domestic Support Obligations).**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| NONE | NONE |
| | |
| | |

***C.*** **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one:*

☒ None.
*If this is checked, the rest of § 3.C need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
| --- | --- |
| NONE | NONE |

## 4. UNSECURED CLAIMS.

**A.** **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

☒ None.
*If this is checked, the rest of § 4.A need not be completed or reproduced.*

☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
| --- | --- | --- | --- | --- |
| | | | | |

**B.** **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one:*

☒ None.
*If this is checked, the rest of § 5 need not be completed or reproduced.*

☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☒ plan confirmation.

☐ entry of discharge.

☐ closing of case.

**7. DISCHARGE:** *(Check one)*

☒ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION: § 726**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: All timely filed secured allowable claims pro rata

Level 2: All timely filed unsecured allowable claims pro rata

Level 3: All payments of any allowed claim, for fine and penalty

Level 4: 11 U.S.C 541 Property of the Estate (6), (7)

Level 5: no unsecured claims shall be paid for any creditor that did not

file a valid proof of claim.

Level 6: No payments shall be made to any creditor who makes a false

claim

Level 7: Excess paid to the debtor (if any)

Level 8:

**9. NONSTANDARD PLAN PROVISIONS.**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

All Miscellaneous proceeds under section 29 pg. 20 both *before* and *after* Effect of Survival Events (g) borrower shall permit the collection and application of miscellaneous proceeds as required Section 10 of the security instrument;

Section 10. Assignment of Miscellaneous Proceeds; Forfeiture. In the event of taking, loss in value of the Property Miscellaneous proceeds shall be applied, with the excess paid to the borrower (if any).

In the event of taking, loss in value of the Property which the fair market value of the Property immediately before the partial taking, loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, loss in value, unless the borrower and lender otherwise agree in writing, the sums secured by this security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, or loss in value divided by (b) the fair market value of the Property Immediately before the partial taking destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, loss in value is less than the amount of the sums secured immediately before the partial taking, or loss in value, unless borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is damaged, such Miscellaneous proceeds shall be applied to restoration or repairs of the Property. If the restoration or repair is not economically feasible or lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this security instrument whether or not then due, with the excess, if any, paid to borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

Section 2. Application of Payments or Proceeds. Lender shall apply in the following order of priority. Pg 6

1. The Mortgage Insurance Premiums
2. To the taxes, special assessments, leasehold, payments or ground rents, and fire, flood, and other hazard insurance premiums, as required.
3. to the interest due under the note
4. to amortization of the principal of the Note; and
5. to late charges due under the Note

PennyMac Loan Services must complete these tasks according to the terms of the Mortgage ALL MISCELLANOUS PROCEEDS, the Note is current paid to the bearer MUST BE TUNRED OVER to the Trustee Under 11 U.S.C 543 and 11 U.S.C 542, because these proceeds are "Property of the Estate" under 11 U.S.C 541, and can be used to provide payments to any creditor providing a valid proof of claim aside from any claim avoided, rejected, or stripped from the real property.

An adversary proceeding has been initiated and filed.

11 U.S.C 1322(b)(8) – Plan provided for the payment of all or part of a claim against the debtor from “Property of the Estate” or property of the debtor.

11 U.S.C 1332 (e) – this plan provides under 506(b)/ 1325(a)(5) options to cure a default the amount necessary to cure the default methods that shall be determined in accordance with the underlying agreement and applicable non-bankruptcy laws.

Dated: June 15, 2026

N/A
Attorney for Debtor

Ebony Robinson, beneficiary

N/A
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

**LOCAL BANKRUPTCY FORM 3015-1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**IN RE:**
**EBONY ROBINSON**

**Debtor(s)**

**CHAPTER:** CHAPTER 13.

**CASE NO.** 1:26-bk-00940-HWV

☐ ORIGINAL PLAN
2nd AMENDED PLAN (indicate #)
**1** Number of Motions to Avoid Liens
1 Number of Motions to Value Collateral

**CHAPTER 13 PLAN**

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☒ Included | ☐ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN. This plan will be funded with all proceed and profits belonging to the "Property of the Estate" and all Debtors disposable income.**

A. **Plan Payments From Future Income**

1. To date, the Debtor paid $ 884.00. Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ $15,912.72 plus $23,108 in property of the estate in § 1B below:

| **Start mm/yyyy** | **End mm/yyyy** | **Plan Payment** | **Estimated Conduit Payment** | **Total Monthly Payment** | **Total Payment Over Plan Tier** |
|---|---|---|---|---|---|
| 05/23/2026 | 05/23/2029 | $442.02 | $0.00 | $442.02 | $15,912.72 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | 39,020.72 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. *Check One:*

   ☒ Debtor is at or under median income.
   *If this is checked, the rest of § 1.A.4 need not be completed or reproduced.*

   ☐ Debtor is over median income. Debtor estimates that a minimum of $ 0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ 142,678.72, this amount includes all negotiable instruments, notes, bonds, and non-exempt "Property of the Estate"

*Check one of the following two lines:*

☐ No assets will be liquidated. *If this is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

☒ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ 0.00 from the sale of property known and designated as N/A. All sales shall be completed by Date. If the property does not sell by the date specified, then the disposition of the property shall be as follows: N/A

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: All proceeds, profits, negotiable instrument paid to the bearer, readily identifiable money held by and entity shall be turned over to the Trustee for proper administration of this case, this includes but is not limited to all accounts receivable held in entity trust, escrow accounts, miscellaneous proceeds collected, received, and held but not applied, any right to sue for breach of performance, all awards for damages, contractor suits, and any money arising from a legal claim on behalf of the debtor shall be used to pay any creditor who has a allowable valid claim, each allowable valid claim shall be paid in full dollar for dollar with these other payment sources, none of the debtors personal property will be liquidated, Until after all proceeds, profits, money, and instruments have been collected from all entities holding "Property of the Estate" if there is any additional payments to be made that are not covered under these payments, or payments provided for in this plan the debtor will be granted permission to sell the real estate property to adjust the balance and ensure all valid claims are pay, all amounts collected from the sale in excess of any amounts owed will remain with the Debtor of the Estate.

## 2. SECURED CLAIMS.

***A.* <u>Pre-Confirmation Distributions</u>.** *Check One:*

☒ None.
*If this is checked, the rest of § 2.A need not be completed or reproduced.*

☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| | | |
| | | |
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| PennyMac Loan Service LLC. | Security Instrument, attached to 835 West Poplar Street York, Pa | 5898 |
| | | |

| | | |
|---|---|---|
| | | |

C. **<u>Arrears (Including, but not limited to, claims secured by Debtor's principal residence)</u>.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PENNYMAC LOAN SERVICES LLC | 835 West Poplar Street | $26,630.34 | $29,107.23 | "Pending" Amount is in Dispute |
| | | | | |
| | | | | |

D. **<u>Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)</u>** *Check One:*

☒ None.
*If this is checked, the rest of § 2.D need not be completed or reproduced.*

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**E. <u>Secured claims for which a § 506 valuation is applicable</u>.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.E need not be completed or reproduced.*

☒ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies

the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| PENNYMAC LOAN SERVICES LLC | 835 WEST POPLAR STREET | NO VALUE | unknown | 0.00 | Adversary Proceeding |
| SECRETARY OF HUD | 835 WEST POPLAR STREET | NO VALUE | unknown | 0.00 | Lien Stripping |
| | | | | | |

**F. Surrender of Collateral.** *Check One:*

☒ None.
*If this is checked, the rest of § 2.F need not be completed or reproduced.*

☐ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| NONE | |
| | |
| | |

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens.* *Check One:*

☒ None.
*If this is checked, the rest of § 2.G need not be completed or reproduced.*

☐ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

a. In addition to the retainer of $ 0.00 already paid by the Debtor, the amount of $ 0.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. The balance of fees owed to the attorney for the debtor(s) is estimated to be $ 0.00. This estimate is used in determining compliance with § 1322(a)(2) and feasibility under § 1325(a)(6). Additional fees may be approved under § 330. If allowance of such fees would alter the treatment or distribution to secured or priority creditors under this plan, the debtor must seek modification under § 1329. Approved fees may reduce the distribution to general unsecured creditors, consistent with the priority scheme established in this plan.

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

☒ None.
*If this is checked, the rest of § 3.A.3 need not be completed or reproduced.*

☐ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
| --- | --- |
| NONE | NONE |
| | |

**B. Priority Claims (including certain Domestic Support Obligations).**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
| --- | --- |
| NONE | NONE |
| | |
| | |

***C.*** **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one:*

☒ None.
*If this is checked, the rest of § 3.C need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support

obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| NONE | NONE |

**4. UNSECURED CLAIMS.**

**A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

☒ None.
*If this is checked, the rest of § 4.A need not be completed or reproduced.*

☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

**B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

☒ None.
*If this is checked, the rest of § 5 need not be completed or reproduced.*

☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|

| NONE | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☒ plan confirmation.

☐ entry of discharge.

☐ closing of case.

**7. DISCHARGE:** *(Check one)*

☒ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION: § 726**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

**Level 1**: First, to any alleged creditor filing a timley proof of claim or an indentured trustee filing a claim in interest, as to any lien allowed secured by a lien on property in which the estate has an interest, unless the lien secures a claim against the debtor that is not an allowed secured claim, such lien is void.

**Level 2**: Second, to any claim under the order specified in section 507, that presents a timely filed proof of claim under section 501 or tardily filed on the date on which the trustee commences final distribution.

**Level 3**: Third, to any allowed unsecured claims, timely filed under 501

(a), or any allowed unsecured claim under section 502(c)(2)

**Level 4**: Fourth, to any allowed claim whether secured or unsecured, for any fine, penalty, or forfeiture, or for multiple, exemplary, or punitive damages, to the extent that such fines, penalty, forfeiture, or damages are not compensation for actual pecuniary loss suffered by the holder of such

**Level 5**: To the Estate

**Level 6**: To the Debtor

**9. NONSTANDARD PLAN PROVISIONS.**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

**The Following provisions applies to ALL alleged CREDITORS**

1. **CREDIT REPORTING:** If any creditor affected by this plan chooses to report the alleged DEBTOR(s) to any credit reporting agency during, or after the commencement of this case each alleged CREDITOR shall accurately reflect payments received under the confirmed plan according to the Fair Credit Reporting Act ("FCRA") 15 U.S.C 1681, Consumer Financial Protection Act of 2010 ("CFPA"), and the Fair Credit Billing Act ("FCBA")This would include but not limited to all e-Oscar and Automated Credit Dispute Verification form ("ACDV"), and prohibits alleged CREDITOR(s) from unfair billing practice.

a. **DEBT VALIDATION:** All any alleged creditor(s) is attempting to collect a debt they must follow the Fair Debt Collection Practice Act 15 U.S.C 1692 and provide debt validation required under the Act, this would include but is not limited to, all wet-ink signature contracts in possession of a holder, wet-ink signature agreements, all account ledgers,

b. **OPT-OUT**: All alleged creditors(s) must provide a reasonable opportunity to opt-out of all marketing solicitations under 17 CFR 248.124, the Gramm-Leach-Bliley Act by providing the providing the alleged DEBTOR a model form for opt-out under 12 CFR 1016.7

2. **FULL DISCLOSURE**: All alleged creditors(s) must provide access to records, disclosures, that meet the requirement under the Privacy Act of 1974, P.L 93-579, as codified at 5 U.S.C 552a.

a. **COMMERICAL BOOK ENTRY**: all custodians, holders and indentured trustees shall provide the commercial book entry details to all accounts used to record ownership of securities. This would be helpful for the Debtor to readily identify all "Property of the Estate"

b. **The TRUTH IN LENDING ACT ("TILA"):** which designed to protect consumers in credit transactions by requiring alleged lenders to clearly and uniformity disclose the true cost and terms associated with borrowing. This would include but not limited to Annual Percentage Rate (APR), finance charges, late fees, right to rescission, as required under 12 CFR 1026 (Regulation Z).

3. **TAX DOCUMENTS**: All alleged creditors, custodians and holders shall provide upon request all tax documentation filed under the account. Bankruptcy requests the Voluntary filer to report all tax filings before or shortly after the commencement of the case. This would include but is not limited to all 1098, 1099 series A/B/C's, any 1099 OID's related to or connected with any account in the Debtor's name.

**Alleged CREDITOR(s) with Secured Claims by a Security Interest in Real Property**

1. **DETERMINATION OF SECURED CLAIMS**: Claims held by governmental units, including those guaranteed by Veteran's administration, USDA, HUD, Fannie Mae/Freddie Mac etc., shall be determined, pursuant to Rule 3012(c), by subsequent motion, or in a claim objection.

a. **REAL ESTATE SETTLEMENT PROCEDURE ACT/ TILA**: all alleged mortgagee must demonstrate they have followed the terms and conditions defined under contract and or agreement both public and private as well as all applicable laws, all controlling federal state local statues, regulation, ordinance. This would include but not be limited to the adjustment of any improper escrow changes and charges, principal balance, late fees, fees collectible under the terms of the contract and or agreement.

b. **DETERMINATION OF ENFORCEABLITY OF SECURED CLAIMS**: any claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured. This would include lack of valid legal documents, valid proof of ownership, invalid assignments, fatal procedural errors, lack of standing and any non-bankruptcy provisions enumerated above.

2. **CURING A DEFAULT**: any allege mortgagee must provide accurate accounting ledger, receipts of all partial and full payments provided for under the terms of the contract and/or agreement, this included but not limited to all checks, cash, instruments, of any other forms of U.S Currency received but not returned.

11 U.S.C 1322(b)(8) – Plan provided for the payment of all or part of a claim against the debtor from "Property of the Estate" or property of the debtor.

Debtor has agreed to have all non-exempt assets listed in Part 4 of Scheduled A/B liquidated to ensure that alleged creditors who has produced a valid allowable claim may receive payment in full, dollar for dollar. This Plan has been proposed in good faith and not by any means forbidden by law.

Dated: July 15, 2026

By: Ebony Robinson, beneficiary

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLAVANIA

| | | |
|---|---|---|
| In re: | : | Case no. 1:26-bk-00940-HWV |
| Ebony Robinson | : | |
| 835 West Poplar Street | : | |
| York, Pa | : | Chapter 13 |
| Respondent | : | |
| EBONY ROBINSON | : | |
| Debtor | : | |
| V | : | OJECTION TO PROOF |
| | : | Of CLAIM/ CHAPTER 13 |
| PENNYMAC LOAN SERIVCES LLC, | : | PLAN OBJECTIONS |
| Creditor | : | |

**CERTIFICATE OF SERVICE**

I, Ebony Robinson, certify that this objection to creditor proof of claim was made July 16, 2026, by

Mail Service: first class United States mail, postage fully pre-paid, addressed to:

AMERICOLLECT
1851 S ALVERNO RD
MANITOWOC, WI 54221

CAPITAL ONE
PO BOX 31293
SALT LAKE
CITY UT, 84131

CLIENT SERVICES
3451 HARRY S TRUMAN BLVD
SAINT CHARLES MD 63301

CITIBANK
PO BOX 790040
ST. LOUIS MO 63179

DISTRICT OF COLUMBIA
PO BOX 2014
WASHINGTON DC 20013

HIGHMARK CHOICE COMPANY
PO BOX 643322
PITTSBURG PA 15265

LENDMARK FINANICAL SERVICES
2118 USHER ST
COVINGTON GA 30014

PA TURNPIKE TOLL BY PLATE
PO BOX 645631
PITTSBURG PA., 15264

PENNYMAC LOAN SERVICES LLC
3043 TOWNSGATE RD
WESTLAKE VILLIAGE, CA 91361

WELLSPAN HEALTH
PO BOX 15119
YORK PA., 17405

YORK COUNTY COURT OF COMMON PLEAS
45 NORTH GEORGE STREET
YORK, PA. 17401

MARYLAND TRANSPORTATION AUTHORITY
PO BOX 12853
PHILADELPHIA PA 19176

PORTFOLIO RECOVERY ASSOCIATE
120 CORPORATE DRIVE
NORFOLK, VA 23513

ONE ADVANTAGE LLC
127 EAST SHORE PARKWAY STE A
LAPONTE IN., 46350

15

Exhibit C

Proof of Tax Filings
2025



2025

Fed Refund $5,099 PA $44

# Federal Tax Summary

This screen is locked because your tax return has been accepted. If you'd like to make changes, you'll need to amend your return.

How do the recent tax changes affect my 2025 taxes?

| | |
|---|---|
| **TOTAL INCOME** | **$40,364** |
| | $40,364 |
| | $0 |
| | $0 |
| | $0 |
| | $0 |
| | $0 |
| | $0 |
| | $0 |
| | $0 |

2025

| | |
|---|---|
| **TOTAL ADJUSTMENTS** | **$0** |
| | $0 |
| | $0 |
| | $0 |
| | $0 |
| | $0 |
| | $0 |
| **ADJUSTED GROSS INCOME (AGI)** | **$40,364** |
| **DEDUCTIONS** | **$108,681** |
| | $108,681 |
| **TAXABLE INCOME** | **$0** |
| **TOTAL TAX** | **$0** |
| | $0 |
| | $0 |
| | $0 |
| **TOTAL CREDITS** | **$0** |
| | $0 |
| | $0 |

 2025

$0

$0

**TOTAL PAYMENTS** **$5,099**

$3,492

$1,607

$0

$0

$0

**TOTAL REFUND** **$5,099**

**TOTAL AMOUNT OWED** **$0**

## View Federal Tax Return

Review the PDF version of your federal tax return.

View

Download if you have trouble viewing.

2025

Privacy Security Accessibility Give Feedback

© 2002-2026 FreeTaxUSA, a TaxHawk, Inc. owned and operated website - All Rights Reserved

Exhibit D

Proof of Payment



EBONY C ROBINSON
7 E COLLEGE AVE
YORK, PA 17401-5503
FOR Deposit Only
110
3-50/310 9283
2264073764
6/16/2026 Date
Pay to the Order of Chapter 13 Trustee $ 884.40
Eight hundred Eighty four 40/100 Cent Dollars
Wells Fargo Bank, N.A. Pennsylvania wellsfargo.com
1:26-bk-00940-HWV
For Bankruptcy Case

1. This check was made 6/16/2026 and mailed on 6/24/2026.

2. We are prohibited from sending Registered, or Certified payments So we had no way of Knowing If the Check Reached the Trustee.

3. During this time TFS Bill pay Did not Recognize my case #.

4. TFS is working as of 7/07/2026 We do not authorize TFS to Serve as agent for Verification Status.



Dashboard Welcome, EBONY ROBINSON Language

## Trustee Pay Enrollment

Case Information

## Case Information

**2 errors prohibited this User from being saved**

There were problems with the following fields:

- Case number could not be found for that trustee
- Case number could not be found for that trustee

☑ I authorize Nationwide TFS ("TFS") to serve as agent for the sole purpose of verifying my bankruptcy status from the data supplied to the National Data Center ("NDC") by my Chapter 13 Trustee.

This authorization brings TFS into conformity with the NDC subscriber access agreement, specifically but not limited to paragraph 2.4 and 4.3, and grants TFS permissions of a party-in-interest and satisfies all of the NDC conditions to access data. In the role as your agent, TFS will verify your status as an active debtor as long as your TFS account remains in an active and enrolled status. Furthermore, you understand the data supplied by the NDC and your trustee, and the service made available by TFS, are informational and made available at your explicit request for your convenience. You hereby indemnify the NDC, the Chapter 13 Trustee, and TFS for any mistakes or misinterpretations resulting from the use of this data and waive any and all potential legal causes of action. Terminating your TFS enrollment will terminate this agency.

Back